ALBANY,
Feb. 1806.

Olney
v.
Bacon.

the private accommodation of the defendant, and not with a view to avoid the payment of toll.

*Per Curiam.* Questions of this kind, affecting the publick, are important in their consequences.

Rule granted.

SPENCER, J. *dissented.*

## Olney *against* Bacon.

The mere *inspection* of a note presented to the justice, is not such a commencement of the trial of a cause, as to preclude the party from demanding a trial by jury.

ERROR on *certiorari* from a justice's court. The declaration was on a bill, to which the defendant below pleaded the general issue. The bill was shewn to the justice who *inspected* it, but no proof was called for, or offered. In this stage of the cause, the defendant demanded a trial by jury ; but the justice refused to issue a *venire*, and proceeded to the trial, and gave judgment for the plaintiff.

*Woodworth*, attorney general, for plaintiff in error. The words of the act regulating the proceedings before justices, are, " that it shall be lawful for either party to the suit, or the attorney of either, after issue joined, and before the court shall *proceed to inquire into the merits of the cause*, to demand of the court that the cause should be tried by a jury ; and thereupon, the justice is required to issue a *venire*,

* Rev. Laws.
vol. 1. p. 496.

&c."* The mere inspecting the bill on which the action was brought, was not such an inquiry into the merits, as to preclude the party from the benefit of a trial by jury.

*Foot*, contra. The examination of the bill was a proceeding to inquire into the merits of the cause, within the meaning of the act, and the party was not afterwards entitled to a *venire.*

*Per Curiam.* The trial had not commenced by merely *taking up and inspecting* the bill, which was put in issue by the plea. The defendant was not too late in his demand of a jury, and a *venire* ought to have been awarded.

Judgment reversed.