NEW YORK,
October, 1811.

SEBRING
v.
WHEEDON.

In an action before a justice, a *venire* was issued to summon a jury, which was delivered to the defendant. The defendant appeared at the time, but the *venire* was not returned, nor did the jury appear; and the justice, although the defendant objected, proceeded to try the cause, and gave judgment for the plaintiff. It was held, that after a *venire* had been issued, the justice had no authority to try the cause, without a jury, it not appearing that the *venire* was improperly suppressed by the defendant; and that the justice ought to have issued a second *venire*, the first not having been returned.

SEBRING *against* WHEEDON.

IN error, on *certiorari*, from a justice's court.

*Wheedon* brought an action against *Sebring*, before the justice, for neglecting to serve an execution, in favour of *Wheedon* against one *Martin Woodruff*. On the return day of the warrant, the parties appeared, and issue being joined, the defendant requested a *venire*, which was issued, and delivered to the defendant. The cause was adjourned, by consent of the parties, to the 2d of *July*. On the day to which the cause was adjourned, the defendant appeared, and waited about an hour after the time. The plaintiff did not appear; the *venire* was not returned, nor did the jury appear. The defendant went away, and soon after the plaintiff came, and the justice proceeded to try the cause, without the jury. Before the trial was ended, the defendant appeared, and protested against the justice's proceeding; but the justice went on with the cause, and gave judgment for the plaintiff, for 12 dollars and 58 cents.

*Per Curiam.* The judgment must be reversed. There is no suggestion that the *venire* was improperly suppressed by the defendant. After the jury process had been issued, it was not legal for the justice to proceed to try the cause, without a jury. It was competent to him to have issued a new *venire*, although the former one was not returned; and this was the course which he ought to have pursued, according to the doctrine laid down by this court, in the case of *Day* v. *Wilber*. (2 *Caines*, 137.) Nothing was done, on the part of the defendant, that could be construed into a *waiver* of a trial by jury, or an assent to a trial by the justice, within the case of *Blanchard* v. *Richly*. (2 *Johns. Rep.* 199.)

Judgment reversed.