NEW-YORK,
May, 1823.

BAYLESS
v.
CRANY.

BAYLESS *against* CRANY—*Certiorari from the Assistant Justice's Court of the city of New-York.*

An assistant justice is bound to issue a venire, if demanded, on the same day on which the first order for an adjournment is made, after issue, and before proceeding to inquire into the merits of the cause. Proceeding to inquire into the merits, means the investigation of the merits, by an examination of witnesses, or other testimony.

ASSUMPSIT, in the Court below, by *Crany* against *Bayless.* Issue was joined July 15th; 1822, and the cause was adjourned, on the plaintiff's request, to 3 P. M. of the same day, when the defendant requested a further adjournment to the 18th (then) instant, and that the cause should be tried by jury. The Justice granted the adjournment, but refused a venire,

to build and repair. In that case, the defendants, as bailiffs of *Trask*, made cognizance of taking the plaintiff's cattle, *damage feasant*, in *Trask's* close. The plaintiff pleaded that he was seized of a close, called *Biscay Island*, which was enclosed by a fence ; that to his close was adjoined *Trask's close*, the *locus in quo*, *Rigg's close*, and also *Low's close* ; that *Rigg's close* was also adjoining upon *Trask's close* ; and that *Low's close* was adjoining to *Rigg's close*, thus :

| Rust's close, called Biscay Island. | | |
|---|---|---|
| Low. | Riggs. | Trask, locus in quo. |

That the partition fence, between the plaintiff's close and the *locus in quo*, was undivided, and that he and *Trask* were jointly and equally bound, by law, to make and maintain the same ; and the same as to the partition fence between the plaintiff and *Low*, who were jointly, &c. bound, by law, to make and maintain the same. That the same partition fences were, in all parts, not legal and sufficient ; that the plaintiff put the cattle in his own close, to depasture, whence they escaped into *Low's* close, through the insufficiency of the partition fence ; thence into *Riggs'* close, for want of any partition fence between his and *Low's* closes ; and thence into the *locus in quo*, because there was no partition fence between *Riggs* and *Trask.* On demurrer, judgment was given for the defendants. And the Court took the ground, that, had the cattle escaped directly from the plaintiff's into

nire.   Judgment for the plaintiff.   The question was, wheth- <span>NEW-YORK,</span>
er it was too late to demand a venire after the first adjourn- May, 1823.
ment.

*D. Rogers,* for the plaintiff in error.

*W. L. Rose,* contra.

*Curia.*   By statute, (*sess.* 36, *ch.* 86, *s.* 95, 2 *R. L.* 374,)
it is lawful for either of the parties, after issue joined, and
before the Court shall *proceed to inquire into the merits of the
cause,* to demand a trial by jury.   By the act, (*sess.* 43, *ch.* 1,
*s.* 3,) this cannot be done, " after the day in which an order
has been made for an adjournment."   The application for a
jury having been made the *same* day on which the first order

---

*Trask's* close, he, being as much bound to repair as *Trask,* could not allege
the insufficiency of the fence, against the latter ; nor could he allege the
deficiency of the fence, between him and *Low,* the place where the cattle es-
caped, he and *Low* being equally bound to repair their partition fence ; and
that, in fine, it was immaterial whether the cattle escaped through *Low's*
default, or not.   *Low* and *Riggs,* for aught that appeared, were not bound
to make a partition fence, between them, and *Low* was obliged, at his peril,
if the cattle were rightfully there, to prevent their escape into *Riggs'* close.
The cattle were, by wrong, on *Riggs'* close, being trespassers, by escaping
from *Low's* close, and *Trask* was not bound to fence against them, because
*Rust* had no right to put his cattle there.   And, indeed, that if the cattle
had escaped through the defect of *Low's* fence, the plaintiff could not
maintain *replevin* against the bailiffs of *Trask,* but must bring case against
*Low.* (Vid. *Cro. Jac.* 665, *Holbeck* v. *Warner.* 1 *Salk.* 335, *Star* v. *Rookesby.*)
   Cattle, in the highway, are spoken of, by Ch. J. *Parsons,* as being in a
place against which the tenant is obliged to fence, because such cattle are
lawfully there ; and he cites *Fitz. N. B.* 298, *note,* to prove his position.   But
this should be understood with its proper qualifications.   The note referred
to quotes three authorities from the year books, viz : 15 *H.* 7. 17 ; 22 *Ed.*
4. 8, 49, and 10 *Ed.* 4. 8, as proving this, and this only, *that if beasts escape,
in view of the owner, by default of enclosure, as out of a highway, &c. fresh
suit may be shewn in justification ; but, if it does not appear they were in
view of the owner, fresh suit shall not be pleaded in bar, except the plaintiff
alleges notice.*   These cases, evidently, suppose the owner travelling with
his beasts, or, at least, that they are turned into the road merely to travel
from one point to another, without his presence : but the owner has no
more right to turn his beasts into the highway, or suffer them to run there,
for the purposes of grazing, than he has to turn them into his neighbour's
cornfield.   And this is also evident, from a pleading in *Herne,* 828.   Indeed,

for an adjournment took place, but not till after that adjourn-
ment, the only question is, whether the first adjournment was
a " proceed'ng to inquire into the merits." By " proceed-
ing to inquire, &c." we understand, *the investigation of the
merits, by an examination of witnesses, or other testimony.*
(*Cowen's Treat.* 526.) It is said that *Cowen* cites *no authori-
ty.* He is, however, supported in the: *dictum* by *Olney* v.
*Bacon*, (1 *John. Rep.* 142,) and there are repeated decisions
of this Court, recognizing a Justice's right to issue a venire
after an adjournment. (*Vid.* 2 *Caines*, 137, *and Sebring* v.
*Wheedon*, 8 *John. Rep.* 460.)

Judgment reversed.

this point is now established, both in Massachusetts and in this state. (16
*Mass. Rep.* 33. 19 *John.* 385, and vid. 2 *H. Bl.* 527, *S. P.*) And if cat-
tle, so on the highway, for the purposes of grazing, escape into the adjoining
close, the owner of the cattle cannot avail himself of the insufficiency of
the fences, in excuse of the trespass, (*id. ibid.*) for the publick have no
right in a highway, except to pass and repass thereon. (1 *Burr.* 143. 2
*Str.* 1004. 1 *Wils.* 107. 6 *East*, 154. 2 *John. Rep.* 357, 363. 6 *Mass.
Rep.* 454. 15 *John.* 453. 13 *Mass. Rep.* 256. 16 *id.* 33.)

Have towns, or even the legislature, the power to interfere with com-
mon law rights, by authorizing cattle, &c. to run at large in the highway ?
The question has never arisen in our Courts, though some of our authori-
ties look like taking it for granted. (12 *John.* 433. 19 *id.* 385.) And
many towns, in practice, assume to exercise this right. Without examin-
ing the constitutional right of the legislature, to thus take the property of
one man and give it to another, I imagine it will be found that no such
power was ever intended to be given, by any act of the legislature of this
state. The only existing statute, is the one before cited, (2 *R. L.* 131, *s.*
12,) which gives towns the power *to direct the use and management of their
common lands, and the times, &c. of permitting or preventing cattle, horses,
sheep, swine, &c. to go at large.* Now they have a much stronger statute in
*Massachusetts,* which has been held not to have this effect. Their colonial acts,
like ours, began with mentioning *commons*, spoke of cattle, &c. *going at
large*, on the *commons ;* others, like our statute, of their going at large, gen-
erally, without confining it to commons ; and one act, passed there, regu-
lated the manner in which horses might go at large, on the *commons* or *ways*
of any town ; and towns are authorized, in that state, to grant liberty for
horses *to go at large*, and unfettered; and so in relation to other cattle.
Yet, in *Stackpole et al.* v. *Healy*, (16 *Mass. Rep.* 33,) the Supreme Court of
that state held, unanimously, that these expressions might all be satisfied,