### ROBERT H. SHANNON v. EDWARD KENNEDY.

This court will not reverse the judgment of a district court, for the refusal of the justice to order a jury, where the demand therefor is made by the defendant in the absence of the plaintiff, and the trial subsequently proceeds without objection and without the plaintiff's being apprised of the application, and where the objection is made, for the *first time in the plaintiff's hearing,* on the appeal.

Whether a demand for a jury may be made after an adjournment to a future *day,* if made on the *return day* of the process ; *quere?*

ON the return day of the summons in this cause, the parties appeared in the sixth district court. The pleadings were put

in and an adjournment taken to a future day.   Within ten min-
utes, the defendant's counsel returned to the justice's desk and
de᠆anded a jury, which was refused, the reason assigned be-
ir ᷤ, that the demand was too late, the case having been ad-
᠄ ᷞurned and the plaintiff having left the court.   The defend-
ant excepted to the decision.   On the adjourned day the
cause was tried upon the merits, and judgment directed for the
plaintiff.   The defendant's application for a jury and his objec-
tion to the refusal of the justice to issue a venire, first came to
the plaintiff's knowledge upon the defendant's appeal from the
judgment.

*John C. Dimmick*, for the appellant.

*R. H. Shannon*, respondent in person.

By THE COURT.   WOODRUFF, J.—I do not think it necessary
to ᷉decide whether a demand of a jury may or may not be
made after an adjournment to a future day.

The act of January 4th, 1820, relating to assistant justices,
section 3, *limits* the language of the previous act, (by which a
jury might be demanded of the court "after issue joined and
before the court shall proceed to inquire into the merits," &c.,)
thus: "It shall not be lawful for either of the parties, *after the
day* in which an order *has been* made for an adjournment, to
demand of the court that such action be tried by a jury."
(Laws relating to the city of N. Y., pp. 59–60.)

The supreme court, in *Bayless* v. *Crane*, (1 Cow. 86,) held,
that the *mere* adjournment did not deprive the party of the right
to insist upon a jury.   But in that case, the adjournment was
to another *hour* on the same day, at which *hour* the demand
of a jury was made.

There is a plausibility, at least, in saying that the words in
the statute of 1820, "after the *day* in which an order *has been*
made for an adjournment," contemplate or imply the right to
make the demand *after* an adjournment; *i. e.*, at a time when
it is true as an *antecedent* fact, that an order *has been* made for

an adjournment, and that the only limitation, *in this respect*, is that the demand shall be made *during that day*. Otherwise, why did not the legislature say in plain terms, that a jury should not be demanded after an adjournment to a future day?

On the other hand, the statute of 1820 may have contemplated just such a case as *Bayless* v. *Crane*, in which, though an adjournment *has been* had, it was to another *hour* on the same day.

If the demand of a jury could be in any case *resisted* when properly made, it would seem unreasonable to *allow* it to be made after the plaintiff had left court; but it could *not*. The jury may be *demanded* "of the court" as an absolute right.

Again, there is much reason and propriety in saying that, after an adjournment of the case to a future day, the justice has no power over the matter; that *all action* in the case has been postponed; that in respect to the particular *case*, there is *no court*, so that the justice can comply with the statute requirement to nominate the jurors "*in open court*." While, on the other hand, it may be insisted that the justice may, if the court have not in fact adjourned for the day, proceed to nominate jurors and issue his venire, without the presence of either of the parties; or if this be not so, (and it probably is not,) then, that the demand having been made in open court *during the day*, the right of the defendant to have a jury has become *fixed* and *absolute*, so that if a venire cannot be issued on that day, it must be issued on the adjourned day, although a further adjournment would thereby become inevitable.

But without pursuing this inquiry, I have no hesitation in saying, that the demand, if it may be made in the absence of the adverse party, should be brought to his notice, and an objection that a jury have not been summoned, taken on the adjourned day. The plaintiff, in such event, may choose to regard the demand as sufficient, or consent to a venire, to avoid question. He should, at least, have an *opportunity* to accede to the defendant's request, and not be, in effect, compelled, unwittingly, to continue his proceedings in the face of an objection of which he has no notice.

We will not reverse, where a defendant makes such a demand in the absence of the plaintiff, and subsequently goes to trial without objection and without the plaintiff's being apprised of what had taken place, and where the defendant, after a trial upon the merits, raises this objection for the *first time in the plaintiff's hearing*, on the appeal.

Whether his demand of a jury was within the statute or not, he should be deemed to have waived it. The judgment should, therefore, I think, be affirmed, with costs.

Judgment affirmed, with costs.